REYMANN BREWING CO. v. BRISTOR, County Treasurer.

(Circuit Court, S. D. Ohio, E. D. February 24, 1899.)

No. 852.

INTOXICATING LIQUORS—TAXATION OF BUSINESS—DOW LAW OF OHIO.
    Under the Dow law (83 Ohio Laws, p. 157, and amendments), which
    imposes a tax upon each place where the business of trafficking in liquors
    is carried on, and defines such business as the buying or procuring and
    selling of liquors, not including the manufacture of liquors from the raw
    material, and the sale thereof at the manufactory by the manufacturer
    in quantities of one gallon or more at a time, a storage house or room
    maintained by a brewing company at a place other than its brewery,
    where beer is stored, and from which it is sold and delivered to retail
    dealers in the same packages in which it is received from the brewery,
    is subject to the tax; and in that respect the law does not discriminate
    in favor of manufacturers who are residents within the state.

This was a suit in equity by the Reymann Brewing Company
against Harry Bristor, treasurer of Jefferson county, Ohio, to re-
strain the collection of certain taxes.

John A. Howard, for complainant.

A. C. Lewis, for defendant.

THOMPSON, District Judge. This cause is submitted upon the
bill and a written statement of facts agreed upon by the parties.
The statement of facts is as follows:

## "Statement of Facts Agreed.

"The Reymann Brewing Company, the complainant, is a corporation resident in, and a citizen of, the state of West Virginia, and owns and operates a brewery at Wheeling, West Virginia, where it manufactures a beverage, of malt and intoxicating liquor, commonly known as 'beer.' It packs said beer in wooden barrels of various sizes, and also in glass bottles, which bottles are packed in wooden boxes, called 'cases'; twenty-four quart bottles or thirty-six pint bottles being packed in each case. These barrels and cases are packed at the brewery of the Reymann Brewing Company, at Wheeling, in the state of West Virginia, there delivered to the common carrier, the railroad company, and shipped to Steubenville, in the county of Jefferson, in the state of Ohio, where they are. received by Bert Meyers, who is employed by the Reymann Brewing Company in the capacity of soliciting agent, salesman, and driver, and who calls on retail dealers in intoxicating liquors at their places of business in and about said city of Steubenville, and as such agent then and there solicits orders for and sells any number of the above-described packages desired. He then loads on the wagon owned by the Reymann Brewing Company the barrels or cases above described, and delivers them to the purchasers in the original and unbroken packages, in the same shape and condition as delivered to the common carrier at the brewery at Wheeling. Said agent also makes sales of said packages at, and delivers the same from, the place where stored at Steubenville. In no instance are any of the barrels or cases opened until after sold and delivered to the purchaser, and no change is made in any of the packages from the time they are packed at the brewery, at Wheeling, until delivered to the persons purchasing the same. Packages received by the said Bert Meyers at the railway station at Steubenville for which he has not received orders, or which he has not already sold, are stored in a room on the ground floor of a cold-storage house in said city of Steubenville, for which the Reymann Brewing Company pays a regular monthly rental, and of which room the said brewing company has the exclusive use and possession. The packages not delivered directly from the railway station to purchasers are delivered from the said storage house or room, upon orders solicited as aforesaid, and upon sales then and there at said storage room made. The price of the beer thus delivered is collected in some instances, from time to time, by a collector from the brewery, at Wheeling, who calls on the purchasers and collects; and in other instances such collections are made by said agent, Bert Meyers, at the time of sale and delivery at said storage room. During the period for which the assessments hereinafter mentioned were made, the said Reymann Brewing Company carried on its beer business in said city of Steubenville in the same manner as herein described. The horses, harness, and wagon described in the bill, on which the defendant, Harry Bristor, has levied, and which he has taken into his possession, are used by the Reymann Brewing Company solely in the matter of delivering to purchasers the packages above described. The barrels and cases of beer described in the bill were packed at the brewery, at Wheeling, and shipped in the manner above described to Steubenville, Ohio, placed in the storeroom above mentioned, and were to be there sold and delivered in the manner above described, when they were levied on, and taken possession of, by the defendant, Harry Bristor. The defendant, Harry Bristor, is treasurer of Jefferson county, in the state of Ohio, and as such treasurer did so levy upon and take into his possession, and has advertised for sale, the following personal property of the Reymann Brewing Company: Two horses (bay geldings); two horse covers; one set of double harness; one beer wagon; thirty-seven of said original and unbroken cases of beer, containing quarts; four of said original and unbroken cases of beer, containing pints; sixty-five original and unbroken barrels of beer, of one-eighth size; one hundred and fourteen original and unbroken wooden barrels of beer, of one-quarter size; twenty-nine original and unbroken wooden barrels of beer, of one-half size,—all of which he has done as said treasurer of Jefferson county, Ohio, for the purpose of collecting from the said Reymann Brewing Company certain taxes or assessments and penalties, amounting to $873.60, and charged against said company on the tax duplicate in the office of said treasurer, under and by virtue of a law of the state of Ohio entitled 'An act

providing against the evils resulting from the traffic in intoxicating liquors,' passed May 14, 1886 (see 83 Ohio Laws, p. 157), as amended by acts March 21, 1887 (see 84 Ohio Laws, p. 224); March 26, 1888 (see 85 Ohio Laws, p. 117), and February 20, 1896 (see 92 Ohio Laws, p. 34), known as the 'Dow Law,' which said levy and seizure were duly made, and which amount ($873.60) the said Reymann Brewing Company lawfully owes, if, under the circumstances in this statement set forth, and the law herein referred to, said company, or its business in said city of Steubenville, as herein described, should and may lawfully be assessed as aforesaid. The defendant will, unless restrained by the court, insist on collecting future assessments of the complainant under said Dow law, in the manner prescribed by said law; that is to say, by further seizures. It is agreed by both parties to the above-styled cause that the foregoing statement is a true statement of the facts, and that the said cause may be submitted to the court on said statement of facts agreed.                                    Reymann Brewing Company,
                                        "By Howard & Handlan, Its Attys.
                                "Harry Bristor,
                        "Treasurer of the County of Jefferson, State of Ohio,
                                "By A. C. Lewis, His Attorney."

Upon these facts, is the complainant entitled to the relief prayed in the bill? The Ohio statute referred to in the agreed statement of facts, known as the "Dow Law," and entitled "An act providing against the evils resulting from the traffic in intoxicating liquors," provides:

"Section 1. That upon the business of trafficking in spirituous, vinous, malt, or any intoxicating liquors, there shall be assessed, yearly, and shall be paid into the county treasury, as hereinafter provided, by every person, corporation or co-partnership engaged therein, and for each place where such business is carried on by or for such person, corporation, or co-partnership, the sum of three hundred and fifty dollars.

"Sec. 2. That said assessment, together with any increase thereof, as penalty thereon, shall attach and operate as a lien upon the real property on and in which such business is conducted, as of the fourth Monday of May each year, and shall be paid at the times provided for by law for the payment of taxes on real or personal property within this state, to-wit: one-half on or before the twentieth day of June, and one-half on or before the twentieth day of December, of each year."

"Sec. 4. That if any person, corporation or co-partnership shall refuse or neglect to pay the amount due from them under the provisions of this act within the time therein specified, the county treasurer shall thereupon forthwith make said amount due with all penalties thereon, and four per cent. collection fees and costs, by distress and sale, as on execution, of any goods and chattels of such person, corporation or co-partnership; he shall call at once at the place of business of each person, corporation or 'co-partnership; and in case of the refusal to pay the amount due, he shall levy on the goods and chattels of such person, corporation or co-partnership, wherever found in said county, or on the bar, fixtures or furniture, liquors, leasehold and other goods and chattels used in carrying on such business, which levy shall take precedence of any and all liens, mortgages, conveyances or incumbrances hereafter taken or had on such goods and chattels, so used in carrying on such business; nor shall any claim of property by any third person to such goods and chattels, so used in carrying on such business, avail against such levy so made by the treasurer, and no property, of any kind, of any person, corporation or co-partnership liable to pay the amount, penalty, interest and costs due under the provisions of this act, shall be exempt from said levy. The treasurer shall give notice of the time and sale of the personal property to be sold under this act, the same as in cases of the sale of personal property on execution; and all provisions of law applicable to sales of personal estate on execution shall be applicable to sales under this act, except as herein otherwise provided; and all moneys collected by him under this act shall be paid, after deducting his fees and costs, into the county treasury. In the

event of the treasurer, under the levy provided for under this act, being unable to make the amount due thereunder, or any part thereof, the county auditor shall place the amount due and unpaid on the tax duplicate against the real estate in which said traffic is carried on, and the same shall be collected as other taxes and assessments on said premises."

"Sec. 8. The phrase 'trafficking in intoxicating liquors,' as used in this act means the buying or procuring and selling of intoxicating liquors otherwise than upon prescription issued in good faith by reputable physicians in active practice, or for exclusively known mechanical, pharmaceutical, or sacramental purposes, but such phrase does not include the manufacture of intoxicating liquors from the raw material, and the sale thereof at the manufactory, by the manufacturer of the same in quantities of one gallon or more at any one time."

The contention of complainant is that this law, properly construed, imposes no tax upon manufacturers of beer, whether residents or nonresidents of Ohio, but that under the construction placed upon it by the taxing officers of Jefferson county, Ohio, it is sought to subject the complainant to the tax prescribed by the law, and at the same time to exempt the domestic manufacturers therefrom. I agree that this law does not impose a tax upon the manufacturers, as such. It is directed against those who traffic in intoxicating liquors, and have a place or places where the traffic is carried on. The manufacturerers within and without the state may sell at the manufactory, and ship to any part of the state of Ohio, and, I think, may solicit orders for their goods in any part of the state, to be shipped from the manufactory. But if they establish places within the state, distinct from the manufactory, where their goods are to be stored, for the purposes of sale and delivery, and such goods are there sold and delivered, then they become traffickers, within the meaning of the law, and are liable to pay the tax. Feitz v. State, 68 Wis. 538, 32 N. W. 763.

The only question to be determined is whether the facts agreed upon show that the complainant has established a place in the city of Steubenville, in the county of Jefferson, state of Ohio, where beer is sold and delivered. The agreed statement shows that:

"Packages received by the said Bert Meyers at the railway station at Steubenville, for which he has not received orders, or which he has not already sold, are stored in a room on the ground floor of a cold-storage house in said city of Steubenville, for which the Reymann Brewing Company pays a regular monthly rental, and of which room the said brewing company has the exclusive use and possession. The packages not delivered directly from the railway station to purchasers are delivered from the said storage house or room, upon orders solicited as aforesaid, and upon sales then and there at said storage room made; * * * and in other instances such collections are made by said agent, Bert Meyers, at the time of sale and delivery at said storage room. * * * The barrels and cases of beer described in the bill were * * * placed in the storeroom above mentioned, and were to be there sold and delivered."

And again:

"Said agent also makes sales of said packages at, and delivers the same from, the place where stored at Steubenville."

It is clear that complainant is a trafficker in intoxicating liquors, having a place in the city of Steubenville, Jefferson county, Ohio, where the traffic is carried on, within the meaning of the Dow law,

and is liable to the tax prescribed by that law; and there is no discrimination against the complainant, in favor of traffickers resident within the state. The bill will be dismissed, at the costs of the complainant.